■ In the Matter of INJAH TAFARI, Appellant, v DONALD SELSKY, as Director of Special Housing and Inmate Disciplinary Programs, Respondent. [821 NYS2d 307]—

Appeal from a judgment of the Supreme Court (Kavanagh, J.), entered February 2, 2006 in Ulster County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Commissioner of Correctional Services finding petitioner guilty of violating certain prison disciplinary rules.

Petitioner was charged in two misbehavior reports with harassment, making threats, creating a disturbance and refusing a direct order after he was removed for disruptive behavior from a hearing held in connection with a prior disciplinary proceeding. Following a tier III disciplinary hearing in the instant matter, petitioner was found guilty of the underlying charges. Petitioner's subsequent administrative appeal proved unsuccessful, prompting him to commence this proceeding to challenge the finding of guilt, which Supreme Court dismissed.

Petitioner's sole contention on appeal is that he was improperly denied the right to call certain inmate witnesses at the

disciplinary hearing. We are not so persuaded. The first requested inmate, inmate Smith, refused to testify and petitioner failed to challenge the legitimacy of the refusal or inquire further. Inmate Hernandez similarly refused to testify, contending that he had no knowledge of the incident, and petitioner again acknowledged such refusal without further comment. Petitioner then indicated that he wished to procure the testimony of two inmates allegedly identified in the misbehavior reports—an inmate "Tarari" and an inmate bearing D.I.N. 89-A-4907. However, a review of those misbehavior reports and the hearing transcript reveals that the authoring correction officers, respectively, incorrectly recorded petitioner's D.I.N. as 89-A-4907 instead of 89-A-4807 and misspelled petitioner's last name (Tafari). Both misbehavior reports indicated that no other inmates were involved in the underlying incident. That being the case, the Hearing Officer surely cannot be faulted for failing to secure the testimony of two witnesses who apparently did not exist.

Cardona, P.J., Crew III, Peters, Carpinello and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.